*Sweeney & Stewart, for appellants.*

*Williams, for appellees.*

---

E. F. KING'S ADM'R, ETC., *v.* WM. EVANS.

**Pleading—Partnership Accounting—Discovery.**

A petition for a partnership accounting which leaves blanks where numbers ought to be inserted, so that judgment can not be entered thereon, is insufficient, and does not entitle the plaintiff to compel defendant to make discovery as to the doings of the partnership, and upon failure of plaintiff to fill up the blanks within a reasonable time, the petition should be dismissed.

APPEAL FROM WHITLEY CIRCUIT COURT.

December 16, 1872.

OPINION BY JUDGE LINDSAY:

This cause seems to have been commenced and prosecuted upon the idea that pleadings are altogether unnecessary.

The paper styled the petition recites that a partnership in the purchase and sale of hogs and cattle existed in the year 1855, between the plaintiff and defendants. That the partners were equally bound for the debts of the firm, that they were to receive equal portions of the profits, and to sustain in equal proportions the losses. The plaintiff undertakes to give a statement of the partnership operations, and does so by stating that —— head of hogs and —— head of cattle were purchased for —— dollars; that they were sold for $——, that the expense amounted to $——, and that upon settlement the defendants are indebted to him in the sum of $——, for which he prays judgment. There are many other amounts left blank which for the purposes of this opinion it is not necessary that we should notice. If no answer had been filed it is manifest that no judgment could have been rendered upon this petition. There is nothing in it to be taken for confessed, and the answer when filed throws little or no light upon the matters involved. In the main the appellants leave blank the amounts alleged to have been paid out or received by them. Such pleading ought not to be tolerated. It is not the business of the courts to hear all evidence that may be offered, and from it to make up the pleadings for the parties.

Appellee had no right to ask the chancellor to compel the appellants to make discovery as to the acts and doings as partners until he came into court with a petition upon which a judgment might be rendered when the discovery was made. With the pleadings in their present condition it is impossible that a settlement even approximately correct can be made.

Wherefore the judgments appealed from are reversed and the cause remanded with instructions to require the parties litigant to fill up the blanks in their pleadings, and in case the appellee fails within a reasonable time to perfect his petition it should be dismissed.

In case the defects in the pleadings shall be cured the cause should be referred to the master, who will make up his report

from the pleadings, the proof now in the case, and such other proof as the parties may offer.

*G. Pearl, for appellants.*

*Dishman, for appellee.*